Hossein HAMEDI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Hossein Hamedi, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 03–73664, 04–75119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed Aug. 15, 2007.

Louis M. Piscopo, Law Offices of Nicastro & Piscopo, Anaheim, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Paul J. McNulty, Esq., R. Joseph Sher, Esq., U.S. Attorney, Alexandria, VA, for Respondent.

Before: REINHARDT, FISHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Hossein Hamedi petitions for review of two separate decisions by the Board of Immigration Appeals. In his first petition, Hamedi challenges the BIA's affirmance without opinion of the Immigration Judge's denial of Hamedi's claims for asylum, withholding of removal, and relief under the Convention Against Torture. In the second, he attacks the BIA's denial of his motion to reopen, which alleges that his first counsel was ineffective. We have jurisdiction over both petitions under 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252, and have consolidated them. We grant the petitions in part.

We grant the first petition in part, regarding Hamedi's asylum claim. As the Government conceded, Hamedi's asylum application was timely, since the one-year calculation should have been made using April 1, 1997 as the start date. 8 C.F.R. § 1208.4(a)(2)(ii). Since the IJ denied Hamedi asylum solely on the basis of tardiness, this claim must be remanded for the agency to address it on the merits. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The withholding of removal and Convention Against Torture claims were denied based on an adverse credibility determination, which rested on omissions and inconsistencies the IJ perceived in Hamedi's testimony and two written applications. These omissions and inconsistencies would ordinarily be sufficient to sustain an adverse credibility finding, but Hamedi argues that the errors in the applications were the doing of his attorney and the attorney's assistant, and constituted ineffective assistance of counsel. That issue was raised in his motion to reopen, which is the subject of the second petition.

We grant that second petition, because the BIA failed to address the actual bases for Hamedi's claim of ineffective assistance of counsel. "We have held that the BIA must issue a decision that fully explains the reasons for denying a motion to reopen." *Mohammed v. Gonzales*, 400 F.3d 785, 792 (9th Cir.2005). Here, the BIA concluded that Hamedi was not prejudiced and had failed to demonstrate that the outcome may have been affected, but the explanation for that conclusion ran only to whether Hamedi's first counsel was generally knowledgeable at, and prepared for, the hearing and whether he had filed a sufficient and timely appellate brief. That reasoning failed to address Hamedi's specific complaints: that his counsel's assis-

tant had introduced falsehoods into Hamedi's asylum applications, and that his counsel's failure to meet with him precluded Hamedi from catching and remedying these defects. That the attorney might have performed competently otherwise does not explain or support a conclusion that Hamedi was not prejudiced by the alleged misconduct, since the adverse credibility finding was primarily based on the perceived conflicts among Hamedi's testimony and the written applications. Therefore, we remand for reconsideration of Hamedi's motion to reopen.

**PETITIONS GRANTED; REMANDED.**